Argued and submitted June 29; jurisdictional judgment reversed and remanded for entry of a judgment establishing dependency jurisdiction based on allegations other than A, otherwise affirmed July 28; petition for review denied October 14, 2021 (368 Or 637)

## In the Matter of L. M. H., a Child.

### DEPARTMENT OF HUMAN SERVICES, *Petitioner-Respondent,*

*v.*

### L. T., *Appellant.*

Umatilla County Circuit Court
20JU01931; A175160

496 P3d 706

Eva J. Temple, Judge.

Tiffany Keast, Deputy Public Defender, argued the cause for appellant. Also on the brief was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Jurisdictional judgment reversed and remanded for entry of a judgment establishing dependency jurisdiction based on allegations other than A; otherwise affirmed.

**PER CURIAM**

Mother appeals the juvenile court's order taking dependency jurisdiction over her infant daughter L based on mother's substance abuse, mental health problems, and inability to protect L from father's violent and aggressive behavior. When we do not exercise *de novo* review, we accept as correct the juvenile court's findings that are supported by any evidence in the record, and we otherwise review "to determine whether the record permitted the juvenile court to determine that the child's condition or circumstances gave rise to a current threat of serious loss or injury to the child and that there is a reasonable likelihood that the threat will be realized." *Dept. of Human Services v. A. J. G.*, 304 Or App 221, 223-24, 465 P3d 293, *rev den*, 366 Or 826 (2020) (internal quotation marks omitted).

The record permits the juvenile court's finding that father engaged in "highly escalated, angry, and aggressive behavior" and that mother demonstrated an unwillingness to intervene, which forms the basis for allegation C against mother. On multiple occasions, father exhibited extremely threatening, confrontational, and explosive behavior, often without regard to the impact it had on L. Initially, father demanded that mother remove L, who was born prematurely, from the hospital against medical advice. Testimony at the dependency trial indicated that father repeatedly raised his voice and threatened others during his brief visits with L, despite the impact it was having on the infant. On those occasions, mother became withdrawn and submissive and took no steps to defuse father's behavior or protect L.

The record also permits the juvenile court's finding regarding mother's marijuana addiction, which forms the basis of allegation B against mother. Mother, who is underage, admitted to using marijuana in the morning and then at multiple times throughout the day, every day, including immediately before she participated in the drug and alcohol assessment. The alcohol and drug counselor testified that he recommended that mother participate in level one rehabilitation services for marijuana addiction. Of particular concern was the fact that mother is underage, which the counselor testified spoke to mother's level of need for

the substance. He further cautioned that consuming such a high volume of marijuana can negatively impact parenting, including increasing the risk of inattentiveness and decreasing a parent's ability to identify dangers around an infant. The evidence of the volume and frequency of mother's use of marijuana, combined with the testimony about the effects of high amounts of marijuana consumption on infant care, was sufficient to establish a nexus between that behavior and risk of harm to L.

The same cannot be said of mother's mental health diagnoses, which form the basis of allegation A against mother. Mother disclosed that, "years ago," she had been diagnosed with bipolar, ADHD, and depression. The record contains no evidence of whether those conditions persist or have any impact on mother's ability to parent L. Because DHS failed to prove that mother's mental health conditions are ongoing, or pose a risk to L, we reverse the jurisdictional judgment with regard to that allegation. *See Dept. of Human Services v. E. M.*, 264 Or App 76, 81, 331 P3d 1054 (2014) (concluding that DHS has the burden to establish a nexus between the allegedly risk-causing conduct or circumstances and a risk of harm to the child).

Because the evidence supports dependency jurisdiction based on allegations B and C, but not allegation A, we reverse and remand the jurisdictional judgment for the court to enter a judgment establishing jurisdiction based on allegations B and C, but omitting allegation A as a basis for jurisdiction and removing any dispositional orders related to allegation A.

Jurisdictional judgment reversed and remanded for entry of a judgment establishing dependency jurisdiction based on allegations other than A; otherwise affirmed.